RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3-29-12
BY OPB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JAMES CUCCIA                              DOCKET NO. 11-cv-1987; SEC. P
    D.O.C. #400300

VERSUS                                    JUDGE DEE D. DRELL

JAMES LEBLANC, ET AL.                     MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis by pro se Plaintiff **James Cuccia**. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at the Rayburn Correctional Center (RCC) in Angie, Louisiana. Plaintiff's complaint involves defendants and allegations from Winn Correctional Center (WNC): Breach of privacy; inhumane treatment; failing to enforce DOC rules and regulations; failing to enforce the Louisiana Public Health and Sanitation Laws and Practices.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts Alleged*

Plaintiff alleges that while he was housed at the Winn Correctional Center, he was subjected to strip searches in a room that was never properly sanitized. [Doc. #1, p.4] He complains that nearly 100 inmates are strip searched twice per day, so there are germs from the bare feet of all of those inmates on the floor. He

claims that some inmates would lean against the wall; and, of those inmates, some had boils, rashes, fungus, or HIV. Plaintiff states that the failure to properly clean the room shows a total disregard for obvious health hazards and also violates DOC regulations. [Doc. #1, p.5] Plaintiff claims that he developed athlete's foot from standing on the floor of the "strip room".

Plaintiff argues that the defendants lack probable cause for strip searching inmates within WNC. He alleges that strip searches are only appropriate only for inmates who work on the road crews - because they could potentially bring contraband back to the prison - and inmates who make trips to the hospital or to court, but not for inmates working in the garment factory. He concludes that the defendants have violated the United States Privacy Act.

Plaintiff also complains that he was exposed to "dangerous and toxic paint and chemical fumes" from the auto body shop, which shares a common wall with the garment factory. He states that the common wall has "numerous leaks and door openings where fumes emanate from." [Doc. #1, p.6]

### Law and Analysis

1. **Conditions of Confinement**

In order to prevail on a conditions of confinement claim, a prisoner must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the

prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001). This "risk must be of such a level that today's society would not tolerate it." Id. In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless showed "deliberate indifference" to the plaintiff's "health or safety." id.; see also Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).

In order to successfully plead "deliberate indifference," the plaintiff must allege facts (and not conclusory allegations) which demonstrate that the defendants knew of but disregarded a substantial risk of serious harm to her health. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Further, he must plead facts which establish that the defendants: (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed. Id.

a. **Cleanliness of search room**

Plaintiff complains of the germs in the "strip search" room at WNC. He makes a conclusory allegation that the room is not properly cleaned in violation of health standards and DOC regulations. [Doc. #1, p.5] He alleges that he developed athlete's foot from standing on the floor of the "strip room". Plaintiff has

not alleged deliberate indifference or a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). First, Plaintiff's only allegation to support his claim that he was exposed to a substantial risk of serious harm is his belief that the room was not properly cleaned. This allegation is conclusory, as is the allegation that the floor of that particular room caused his athlete's foot fungus. The Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be. See McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D.La. Dec. 23, 2009).

Additionally, under 42 U.S.C. § 1997e(e), an inmate cannot recover for mental and emotional injury suffered while in custody without a prior showing of physical injury. The United States Fifth Circuit Court of Appeals, in interpreting this provision, has held that the phrase "physical injury" in §1997e(e) means an injury that is more than de minimis, but it need not be significant. See Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)(where the Fifth Circuit first set forth its §1997e(e) definition of physical injury)). Even if Plaintiff could ultimately connect the athlete's foot to the floor of that particular room, his claim fails because athlete's foot is not more than a de minimis injury. See McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D.Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share

with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."); see also Mahmoud v. Bowie, 234 F.3d 29, No. 99-31255, 2000 WL 1568178, at *2 (5th Cir. Sept. 14, 2000)(dismissing Plaintiff's claim for unsanitary shower conditions, holding that such claim was conclusional and/or de minimis and did not rise to the level of a constitutional violation).

### b. fumes

Plaintiff complains that he had to smell fumes from the auto body shop, which is located next to the garment factory where he worked. He claims that the fumes seeped through doorways and leaks. Plaintiff has not alleged that these "fumes" from an adjacent shop were "so serious as to deprive him of the minimal measure of life's necessities ..." See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995)(quotation marks omitted). Additionally, as noted above, Plaintiff has not allege any physical injury or illness as a result of the alleged "fumes".

### 2. Probable Cause

Plaintiff's next complaint about the strip searches is that the defendants lacked probable cause to search him. Probable cause is not required to conduct strip searches on convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 558-59 (1979). The penological interest, as the Supreme Court and the Fifth Circuit have

explained, is the maintenance of security and the location of contraband.¹ Plaintiff cannot meet the physical injury requirement for recovering compensatory damages, as discussed above.

### 3. Injunctive Relief

To the extent that Plaintiff seeks injunctive relief, his claim fails. Plaintiff is no longer incarcerated at Winn Correctional Center. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Plaintiff's claim to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at the WNC. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Plaintiff has made no allegation or submitted any evidence indicating a reasonable likelihood that he would be returned to WNC.

### Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **denied and dismissed** with prejudice for failing to state a claim for which relief can be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

---

¹Although Plaintiff briefly mentions cavity searches in general, he does not allege that he was ever subjected to more than a strip search.

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 29th day of March, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE